DAUKSCH, Chief Judge.
This is an appeal from an order dismissing an information under the criminal summary judgment rule 3.190(c)(4). This rule in pertinent part says if “[tjhere are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant” then he is entitled to have the charge dismissed.
The question for us to decide is whether the facts of the case establish a prima facie case. We are of the opinion the facts do state a prima facie case of guilt and quash the order.
The parties agreed before the trial judge that all the material facts are as set out in the appellee’s “C — 4” motion:
1. The defendant herein was charged with violation of Florida Statute 790.01, unlawfully carrying on or about said defendant’s person a concealed firearm, to-wit: a hand gun.
2. Defendant was originally placed under arrest for a traffic violation by a Deputy Sheriff of Orange County, Florida, while defendant was riding a motorcycle. After the defendant was directed to remove himself from the motorcycle, the Deputy located a 22 [sic] caliber revolver in a pocket of defendant’s jacket.
3. At the time defendant was stopped for the alleged traffic violation, defendant had attempted to deliver the subject revolver for sale to the home of Jerry Thomas who previously indicated to defendant his interest in purchasing the subject revolver.
*1296 4. Because Jerry Thomas was not home at the time when defendant delivered the subject revolver, the defendant proceeded to return home with the revolver when he was stopped by the Deputy Sheriff.
5. The motorcycle on which the defendant was riding does not have a glove-box compartment or any carrying facilities for objects such as the subject revolver.
6. The defendant did not display the subject revolver in a careless or dangerous manner at any time material hereto.
The state demurred to the motion to dismiss asserting that “as a matter of law the facts establish the crime charged.” The statute proscribes the carrying of “a concealed firearm on or about his person.” Section 790.01(2), Florida Statutes. There are certain exceptions which are set out in section 790.25(3):
(3) EXCEPTIONS. — The provisions of ss. 790.05 and 790.06 shall not apply in the following instances and, despite said sections, it shall be lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes:
(a) Members of the Militia, National Guard, Florida State Guard, Army, Navy, Air Force, Marine Corps, Coast Guard, the organized reserves, and other armed forces of the state and of the United States, when on duty, or when training or preparing themselves for military duty, or while subject to recall or mobilization;
(b) Citizens of Florida subject to duty in the Armed Forces under s. 2, Art. X of the State Constitution, chapters 250 and 251, and under federal laws, when on duty or when training or preparing themselves for military duty;
(c) Persons carrying out or training for civil defense duties under chapter 252;
(d) Sheriffs, marshals, prison or jail wardens, policemen, Florida highway patrolmen, game wardens, revenue officers, forest officials, special officers appointed under the provisions of chapter 354, and other peace and law enforcement officers, their deputies and assistants, full-time paid peace officers of other states and of the Federal Government who are carrying out official duties while in Florida;
(e) Officers or employees of the state or United States duly authorized to carry a concealed weapon;
(f) Guards or messengers of common carriers, express companies, armored car carriers, mail carriers, banks, and other financial institutions, while actually employed in and about the shipment, transportation, or delivery of any money, treasure, bullion, bonds, or other thing of value within this state;
(g) Regularly enrolled members of any organization duly authorized to purchase or receive weapons from the United States or from this state, or regularly enrolled members of clubs organized for target, skeet, or trapshooting, while at, or going to or from shooting practice; or regularly enrolled members of clubs organized for modern or antique firearms collecting, while such members are at or going to or from their collectors’ gun shows, conventions, or exhibits;
(h) A person while engaged in fishing, camping, or lawful hunting, or while going to or returning from a fishing, camping, or lawful hunting expedition;
(i) A person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person while engaged in the lawful course of such business;
(j) A person firing weapons for testing or target practice under safe conditions and in a safe place not prohibited by law, or while going to or from said place;
(k) A person firing weapons in a safe and secure indoor range for testing and target practice;
(l) Any person traveling by private conveyance when the weapon is securely encased, or in a public conveyance when the weapon is securely encased and not in person’s manual possession;
(m) Any person while carrying a pistol unloaded and in a secure wrapper, con *1297 cealed or otherwise, from the place of purchase to his home or place of business or to a place of repair or back to his home or place of business;
(n) A person possessing arms at his home or place of business;
(o) Investigators employed by the several public defenders of the state, while actually carrying out official duties within the judicial circuits in which they are employed, provided said investigators:
1. Are employed on a full-time basis;
2. Meet the official training standards for firearms as established by the Police Standards and Training Commission as provided in s. 943.12(1) and the requirements of ss. 493.21(2)(a) and 943.13(l)-(4); and
3. Are individually designated by an affidavit of consent signed by the employing public defender and filed with the clerk of the circuit court in the county in which the employing public defender resides.
We have carefully considered each of these exceptions and cannot find one which allows this appellee to drive his motorcycle to someone’s house to sell a firearm which he is carrying concealed. It should be added, parenthetically, that it has not been shown that this appellee is a person in the business of dealing in firearms as is contemplated under exception (i). Appellee has argued that he falls within exceptions (j), (1) and (m). In looking at his sworn motion to dismiss he has not shown he was taking the firearm to or from testing or target practice so he cannot fall within exception (j). His firearm was in his jacket pocket, and he does not say it was “securely encased,” so he does not fall under exception (I). See Cates v. State, 408 So.2d 797 (Fla. 2d DCA 1981). Finally, he was not taking the firearm from the place of purchase or place of repair so he does not fall within exception (m). Appellee has argued that the statute is “unclear and ambiguous” and “lacks clarity.” We disagree. As it pertains to this case, the statute seems clear and unambiguous; appellee apparently violated it by carrying a concealed firearm and he did not fall within any of the listed exceptions.
The order dismissing the information is quashed and this cause remanded for further proceedings.
ORDER QUASHED; CASE REMANDED.
COBB and SHARP, JJ., concur.